# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EMERALD RUTH WILSON-BEY,<br><br>　　　　　Defendant. | Case No.: 2:21-cr-00306-GMN-NJK<br><br>**Order**<br>(Docket No. 70) |

　　　　On January 26, 2022, Defendant Emerald Ruth Wilson-Bey appeared before the Court for her initial appearance and arraignment and plea on charges in an indictment issued against her. Docket No. 9. At that hearing, the Court appointed the Federal Public Defender's Office to represent Defendant. *Id*.

　　　　On March 11, 2022, Defendant filed a motion in which she asked the Court to dismiss the Federal Public Defender's Office and appoint new counsel to represent her. Docket No. 31. On March 15, 2022, the Court set a hearing on Defendant's motion. Docket No. 32. On March 23, 2022, Defendant, through counsel, filed a motion to withdraw her motion for appointment of counsel, which the Court granted. Docket Nos. 35, 36.

　　　　On April 26, 2022, Defendant's counsel filed a motion asking the Court for a status conference to determine whether Defendant would continue to be represented by the Federal Public Defender's Office. Docket No. 40. The Court granted that motion and set a hearing for May 9, 2022.[1] Docket No. 41. On May 4, 2022, Defendant filed a motion to represent herself and, on May 9, 2022, Defendant filed a motion for appointment of counsel. Docket Nos. 44, 47.

---

[1] This hearing was later continued to May 19, 2022, at the parties' request. Docket Nos. 42, 43.

The Court ordered that those motions would be heard at the already-scheduled status hearing. Docket No. 48.

On May 19, 2022, the Court engaged in an *in camera* hearing with Defendant and her counsel. Docket No. 54. The Court then proceeded with a *Faretta* canvass of Defendant, after which the Court found that she knowingly, intelligently, and unequivocally waived her right to counsel. *Id*. The Court therefore granted Defendant's motion to represent herself and appointed CJA Panel Attorney Emily Katherine Strand as standby counsel for Defendant. *Id*. *See also* Docket No. 55.

On May 23, 2022, Defendant filed a motion to rescind her waiver of her right to counsel and a motion for appointment of counsel. Docket Nos. 56, 57. The Court set a hearing on these motions for June 2, 2022. Docket Nos. 58, 59. On June 2, 2022, after hearing from Defendant, the Court granted her motion to rescind her waiver of her right to counsel. Docket No. 60. The Court asked Ms. Strand if she had any conflict or reason she could not be appointed to the instant case and Ms. Strand stated that she did not. As a result, the Court appointed Ms. Strand to represent Defendant for all future proceedings in this case. *Id*. *See also* Docket No. 61.

On June 8, 2022, Defendant filed a motion for hearing. Docket No. 70. In her motion, Defendant states that she has a "prior history with one of the current attorneys" at Ms. Strand's firm, though she is not sure whether that attorney is "still at the firm or what the current affiliation may be." *Id*. at 1. Defendant asks the Court to set a hearing to explore this issue.

Nevada's Rules of Professional Conduct has specific rules regarding conflicts. *See* Rules 1.7, 1.8, 1.9, 1.10. Ms. Strand specifically represented to the Court that she does not have a conflict on this case. The Court finds that Defendant's supposition regarding another attorney who may or may not be associated with Ms. Strand's firm does not warrant a hearing before the Court.

Accordingly, Defendant's motion for hearing, Docket No. 70, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: June 17, 2022.

николаевNANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

2