# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cr-00306-GMN-NJK-1 |
| vs. ) | |
| ) | **ORDER** |
| EMERALD RUTH WILSON-BEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are Defendant Emerald Ruth Wilson-Bey's unopposed Motion for Release of Seized Property, (ECF No. 173), Motion to Modify PSR and Court Transcripts, (ECF No. 174), Motion to Modify Special Conditions of Supervised Release, (ECF No. 175), Motion to Modify Current Protective Custody, (ECF No. 176), and Motion Declaring NSDC Pahrump in Contempt, (ECF No. 177).  For the reasons discussed below, the Court **STRIKES** Defendant's Motion for Release Property, Motion to Modify PSR and Court Transcripts, Motion to Modify Current Protective Custody, and Motion Declaring NSDC Pahrump in Contempt.

Defendant personally filed the foregoing Motions.  The District of Nevada's Local Rule IA 11-6 provides that, "once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." LR IA 11-6.  Defendant is represented by two attorneys, Jennifer Waldo and Jawara Griffin. (*See* Order Appointing Counsel, ECF No. 86); (Order Appointing Co-Counsel, ECF No. 150).  Nevertheless, Defendant personally filed her Motions in violation of Local Rule IA 11-6.  Accordingly, Defendant's Motion for Release of Seized Property, Motion to Modify

PSR and Court Transcripts, Motion to Modify Special Conditions of Supervised Release, Motion to Modify Current Protective Custody, and Motion Declaring Pahrump in Contempt are STRICKEN from the record. *See United States v. Lanier*, No. 2:19-cr-00327, 2022 WL 2953149, at *4 (D. Nev. July 25, 2022). The Court advises Defendant to refrain from submitting motions without her counsel.

Although Defendant's Motions are stricken, the Court briefly addresses Defendant's Motion to Modify Current Protective Custody and Motion Declaring NSDC Pahrump in Contempt. (ECF Nos. 176, 177). By the Motion to Modify Current Protective Custody and Motion Declaring NSDC Pahrump in Contempt, Defendant contends she is entitled to remain in protective custody at NSDC Pahrump pursuant to the Court's Order, (ECF No. 167), granting her Motion to Remain in Protective Custody, (ECF No. 153). (*See generally* Mot. Modify Current Protective Custody); (Mot. Declaring NSDC Pahrump Contempt). The Court seeks to clarify for Defendant two separate but related points regarding its Order granting Defendant's Motion to Remain in Protective Custody.

First, in granting Defendant's Motion to Remain in Protective Custody, the Court did not order the BOP to keep Defendant in protective custody, but merely recommended to the BOP that Defendant should be permitted to stay in protective custody so long as it remains her preference. Second, and related to the first, the Court's Order was limited to a recommendation because the Court lacks the authority to dictate to the BOP where an inmate serves their sentence.

The BOP is required by federal statute to protect prisoners in its custody. Under 18 U.S.C. § 4042(a), it must "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States," and it must "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(1) & (2). But, while this

statute sets forth a mandatory duty of care, it does not "direct the manner by which the BOP must fulfill this duty." *Calderon v. United States*, 123 F.3d 947, 950 (7th Cir. 1997) ("The statute sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duty to protect inmates").

Applicable federal regulations and BOP policy governing protective housing, such as the Special Housing Unit ("SHU"), are no different.  Under 28 C.F.R. § 541.27, a prisoner "may be placed in administrative detention status" for protection under the following circumstances: if (a) the prisoner is the "victim of inmate assaults or threats," (b) the prisoner is an "inmate informant" whose safety is threatened, (c) the prisoner refuses to house in the general population, or (d) staff believe the prisoner's safety is threatened in the general population. 28 C.F.R. § 541.27.  Program Statement 5270.11, as already set forth above, mirrors these regulations, enumerating the same four factors for when a prisoner "may" be placed in the SHU under § 541.27.  Like 18 U.S.C. § 4042(a), these regulations and policy provisions give prison staff discretion to determine when protective housing is required, stating only that a prisoner "may" be placed in administrative detention status for protection under certain enumerated situations, one of which is prison staff's "belief" that the prisoner's safety is at risk. 28 C.F.R. § 541.27.

The foregoing "statutes and regulations governing the BOP are replete with discretionary, rather than mandatory, language." *Sarafian v. United States*, No. 14-cv-2777, 2015 WL 6125430, at *4 (C.D. Cal. Aug. 21, 2015).  And "[i]t is well settled that the decision where to house inmates is at the core of prison administrators expertise." *McKune v. Lile*, 536 U.S. 24, 29 (2002) (plurality opinion).  Based on this procedural backdrop, while the Court cannot order the BOP to permit Defendant to stay in protective custody, it will again recommend to the BOP that Defendant should be permitted to stay in protective custody so long as it remains her preference.

Finally, the Court advises Defendant that if she seeks judicial recourse regarding the conditions of her confinement at NSDC Pahrump, "the proper procedure to redress [her] grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in [her] criminal case." *United States v. Long*, No. 99-cr-433, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009); *see United States v. Hollis*, No. 08-cv-276, 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009) (advising the defendant that "any claims concerning the conditions of his confinement at the Fresno County Jail must be made in an appropriate civil rights complaint" and that he "cannot bring these motions in his federal criminal case"); *United States v. Greene*, No. 1:06-cr-312, 2022 WL 3354745, at *4 (D.D.C. Aug. 12, 2022) ("But a motion in a criminal case is not the proper avenue to address allegations of improper treatment within a jail or prison."). If Defendant chooses to pursue a civil rights action, the Court further notes that she must first complete the administrative remedies provided by NSDC Pahrump for the processing of grievances prior to filing suit. *See Hollis*, 2009 WL 902062, at *1 ("[Defendant] cannot bring a civil rights action based on the conditions of his present confinement in [jail] unless and until he has completed administrative remedies provided by the [jail] for the processing of grievances prior to filing suit.").

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Release of Seized Property, (ECF No. 173), Motion to Modify PSR and Court Transcripts, (ECF No. 174), Motion to Modify Special Conditions of Supervised Release, (ECF No. 175), Motion to Modify Current Protective Custody, (ECF No. 176), and Motion Declaring NSDC Pahrump in Contempt, (ECF No. 177) are **STRICKEN**.

**DATED** this __1__ day of April, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court