UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cr-00306-GMN-NJK-1 |
| vs. ) | |
| ) | **ORDER** |
| EMERALD RUTH WILSON-BEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are Defendant Emerald Ruth Wilson-Bey's ("Defendant's") Motion to Proceed *Pro Se*, (ECF No. 179), Motion for Protective Separation Order, (ECF No. 180), Motion to Proceed *Pro Se* with Standby Counsel, (ECF No. 181), and Motion to Terminate Jennifer Waldo as Counsel for Defendant, (ECF No. 182). The Government filed a Response to these Motions,[1] (ECF No. 183), to which Defendant has not filed a Reply.

For the reasons set forth below, the Court GRANTS Defendant's Motion to Terminate Jennifer Waldo as Counsel for Defendant,[2] DENIES Defendant's Motion for Protective Separation Order, and DENIES as moot Defendant's Motion to Proceed *Pro Se* and Motion to Proceed *Pro Se* with Standby Counsel.

Beginning with Defendant's Motion for Protective Separation Order, (ECF No. 180), Defendant contends that the Nevada Southern Detention Center ("NSDC") Pahrump supplied

---

[1] The Government's Response clarifies that it only opposes Defendant's Motion for Protective Separation Order. (Resp. 1:20–22). The Government otherwise "expresses no position on" Defendant's remaining Motions. (*Id.* 1:18–19).

[2] Local Rule IA 11-6(e) states that "[e]xcept for good cause shown, no withdrawal or submission will be approved if it will result in delay of discovery, the trial, or any hearing in the case." Based on the procedural posture of this case, and Defendant's desire to proceed *pro se*, the Court is satisfied that permitting counsel to withdraw will not result in delay of discovery, trial, or any other hearing in accordance with Local Rule IA 11-6(e). Accordingly, Defendant's Motion to Terminate Jennifer Waldo as Counsel for Defendant is GRANTED. Attorney Jennifer Waldo shall no longer represent Defendant in this matter.

her with an "unknown psychiatric medication of some sort" that caused her to suffer an adverse reaction. (*Id*. at 1). Defendant asserts that NSDC Pahrump failed to provide her with prompt medical attention in response to her reaction and has generally abdicated its duty to provide her with adequate medical treatment. (*Id.*). In response, the Government posits that Defendant's claims regarding the adequacy of her medical treatment is more properly addressed as an Eighth Amendment conditions of confinement claim in a civil lawsuit rather than in a criminal case. (Resp. 1:20–24). The Court agrees.

"'As several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties . . . rather than a motion in [her] criminal case.'" *United States v. Velazquez Landeros*, No. 1:20-cr-00161, 2022 WL 2906418, at *1 (E.D. Cal. July 22, 2022) (quoting *United States v. United States v. Long*, No. 99-cr-433, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009); *see United States v. Hollis*, No. 08-cv-276, 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009) (advising the defendant that "any claims concerning the conditions of his confinement at the Fresno County Jail must be made in an appropriate civil rights complaint" and that he "cannot bring these motions in his federal criminal case"); *United States v. Greene*, No. 1:06-cr-312, 2022 WL 3354745, at *4 (D.D.C. Aug. 12, 2022) ("But a motion in a criminal case is not the proper avenue to address allegations of improper treatment within a jail or prison."). If Defendant chooses to pursue a civil rights action, the Court notes that she must first complete the administrative remedies provided by NSDC Pahrump for the processing of grievances prior to filing suit. *See Hollis*, 2009 WL 902062, at *1 ("[Defendant] cannot bring a civil rights action based on the conditions of his present confinement in [jail] unless and until he has completed administrative remedies provided by the [jail] for the processing of grievances prior to filing suit."). Accordingly, Defendant's Motion for Protective Order is DENIED.

Defendant's remaining Motions request that the Court allow her to proceed *pro se* with

Jawara Griffin appointed as standby counsel. (*See generally* Mot. Proceed *Pro Se*); (Mot. Proceed *Pro Se* with Standby Counsel). The issue with Defendant's Motions to proceed *pro se* is that it is unclear what exactly she seeks to proceed with in this case.

Defendant was sentenced On March 1, 2023. (*See generally* J., ECF No. 169). "A defendant must file a notice of appeal within fourteen days of 'the entry of either the judgment or the order being appealed.'" *United States v. Shehadeh*, 962, F.3d 1096, 1098–99 (9th Cir. 2020) (quoting Fed. R. App. P. 4(b)(1)(A)(i)). Thus, even if Defendant sought to challenge her sentence, the time to do so has passed. And for the reasons set forth above, the only challenge Defendant has asserted is not properly brought in her criminal case but must instead be asserted in a civil action. In light of Defendant's apparent desire to challenge the conditions of her confinement, the circumstances do not present cause to canvas Defendant to determine if she may proceed *pro se* when the underlying cause of action she seeks to pursue is civil rather than criminal. Requests for counsel are more appropriately addressed by the presiding judge if and when Defendant initiates her civil case.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Terminate Jennifer Waldo as Counsel for Defendant, (ECF No. 182), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Separation Order, (ECF No. 180), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Proceed *Pro Se*, (ECF No. 179), and Motion to Proceed *Pro Se* with Standby Counsel, (ECF No. 181), are **DENIED as moot**.

DATED this   27   day of April, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court